## MAUD H. MAYHEW AND ALFRED W. MAYHEW v. BENJAMIN F. FORD AND NELLIE M. FORD.

1. In an action *quare clausum fregit,* by tenants in common in possession, a special plea that one of the plaintiffs was, before and at the commencement of the suit, an infant under the age of twenty-one years, and has declared by attorney instead of by guardian or next friend, duly appointed by the court, is a dilatory plea and is not good as

against a motion to strike it out, unless an affidavit be filed therewith proving the truth thereof, or some probable cause be shown to induce the court to believe that the matter of the plea set forth is true according to the provisions of section 115 of the Practice act. *Gen. Stat., p.* 2552.

2. A plea in bar of an action of tort, *quare clausum fregit,* that the close in the declaration described is the close, soil and freehold of one of the defendants, jointly sued with the other, wherefore the one, in his or her own right, and the other as his or her servant and by his or her command, committed the alleged trespasses, as they severally had the right to do, is a plea *liberum tenementum* and is a good plea in bar of the action.

On motion to strike out the second and third plea to the declaration.

Argued at November Term, 1897, before Justices GARRISON and LIPPINCOTT.

For the plaintiffs, *Leverett Newcomb.*

For the defendants, *William W. Benthall.*

The opinion of the court was delivered by

LIPPINCOTT, J. This is an action of tort by Maud H. Mayhew and Alfred W. Mayhew as plaintiffs, against the defendants, for a trespass *quare clausum fregit,* upon a certain close of the plaintiffs, situate in the township of Franklin, in the county of Gloucester, in this state.

The declaration contains a particular description of the close, and avers that the plaintiffs are tenants in common thereof, and that the defendants, on the 1st day of June, 1897, broke and entered the same, and broke open the fences thereof, and cut and carried away the grass and herbage, and with cattle depastured the same, to the damage of the plaintiffs.

The first plea is the general issue. The second plea avers that the plaintiffs ought not to have or maintain their said action, because Alfred W. Mayhew, one of the plaintiffs, was, before and at the commencement thereof, and still is, an infant

under the age of twenty-one years, and has declared by attorney instead of by guardian or next friend, duly appointed by the court to prosecute the action.

The third plea avers that the action cannot be maintained because the said close in the said declaration described, in which, &c., was and still is the close, soil and freehold of the said Nellie M. Ford, wherefore the said Nellie M. Ford, in her own right, and Benjamin F. Ford, as her servant, and by her command, committed the said several trespasses in the said declaration mentioned, as they lawfully might.

Both pleas conclude with the usual verification.

The second plea is a dilatory one, and in form pleaded in bar to the action and not in abatement. This plea does not deny or strike at the right of action. It tends only to delay the trial on the merits of the case. It questions not the cause of action, but the mode in which the remedy is sought. 3 *Bl. Com.* 301 ; *Gould Pl.* (*4th ed.*) 29 ; 1 *Burrill Pr.* 151.

Section 115 of the Practice act (*Gen. Stat.*, *p.* 2552) provides " that no dilatory plea or plea of another judgment shall be received unless the party offering such plea do offer therewith, to be filed, an affidavit proving the truth thereof, or do show some probable cause to the court to induce them to believe that the matter therein set forth is true."

There is no such verification, as required by the statute, annexed to this plea or filed with it, nor any probable cause of its truth shown. The only verification to the plea in this case is that the pleas are not intended for the purpose of delay, and that the defendants verily believe that they have a just and legal defence on the merits of the case. The verification, by way of oath, to a dilatory plea must be of the character required by the statute. 1 *Chit. Pl.* (*13th Am. ed.*) 462, 702 ; *Foxwist* v. *Tremaine*, 2 *Saund.* 207 ; *Trenton Bank* v. *Wallace*, 4 *Halst.* 83 ; *Hixon* v. *Schooley*, 2 *Dutcher* 461 ; *Parks* v. *McClellan*, 15 *Vroom* 552.

The second plea must be stricken out.

The third plea is one of *liberum tenementum.* This is a good plea to an action of trespass *quare clausum fregit.* 1

---

---

*Chit. Pl.* (13*th Am. ed.*) 503.    It seems, upon the authority of *Phillips* v. *Phillips*, 1 *Zab.* 42, if there should be a new assignment in this class of actions, then a replication of *liberum tenementum* would be bad pleading.

Therefore, the motion to strike out the third plea is denied.

The plaintiffs, succeeding in their motion to strike out the second plea, are entitled to costs against the defendants.