STANLEY ROBERT v. SAMUEL L. MOORE & SONS.

Submitted July 12, 1898—Decided November 7, 1898.

1. A plea in abatement, of the pendency of a former action for the same cause of action, need only have annexed an affidavit under section 115 of the Practice act (*Gen. Stat.*, *p.* 2552), proving the truth of such plea, and it is not necessary to have attached thereto also an affidavit of merits under section 114 of said act.

2. Where a plea of the pendency of a former action has only annexed the affidavits of merits under section 114 of the Practice act, such plea will be stricken out on motion; but under section 138 of the Practice act the court or a judge thereof may grant leave to amend by the filing of a new plea, with the affidavit of the truth thereof, as provided by the statute, or by the filing of a new affidavit to the plea, and such amended plea cannot be treated as a nullity and interlocutory judgment be entered thereon, with a rule for a writ of inquiry for the assessment of damages, without the special leave of the court or some judge thereof.

On application for rule to set aside interlocutory judgment, and rule for writ of inquiry for assessment of damages.

Before Justices LIPPINCOTT and GUMMERE.

For the rule, *Richard V. Lindabury.*

*Contra, Marshall W. Van Winkle.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The plaintiff in this action was injured whilst in the employment of the defendants, and on April 21st, 1897, he commenced an action in this court, laying the venue in the county of Union.

The cause was tried in the Union Circuit and resulted in a nonsuit of the plaintiff by the trial justice.   No *postea* was ever filed nor judgment of nonsuit entered, nor was the cause discontinued and no other proceeding taken therein.

On February 28th, 1898, a second action was commenced

by the same plaintiff against the same defendants, with the venue laid in the county of Hudson.

The defendants pleaded the pendency of the former action. The plea itself was in form, setting up that the cause of action in the latter suit was the same as in the former action, and that the former action was still pending and undetermined. To this plea was appended an affidavit that it was not filed for the purpose of delay, but that the defendants had a just and legal defence to the action on the merits of the case.

The plea was stricken out, on motion, by the justice holding the Hudson Circuit, on the ground that the affidavit annexed thereto did not set up the truth of the matters contained in the plea, as required by the one hundred and fifteenth section of the Practice act. *Gen. Stat., p.* 2552.

At the same time the plea was stricken out, on application, and after argument of counsel an order of this court was made by the justice at the Circuit, giving leave to the defendants to amend by filing a new plea setting up anew the pendency of the former action. This plea was duly filed in legal form, and praying the writ and declaration in the latter action be quashed. To this plea was appended the affidavit required by the one hundred and fifteenth section of the Practice act, proving the truth of the matters contained in the plea. The plaintiff in the action has disregarded this latter plea and entered an interlocutory judgment, with a rule for a writ of inquiry to assess damages. This interlocutory judgment and rule for writ of inquiry was entered without notice to the attorneys of the defendants, and without the order of this court or a justice thereof.

This application is to set aside these rules on the ground that they were improperly and illegally entered.

This motion is resisted, first, on the ground that the plea of the pendency of the former action does not have also annexed the affidavit required by section 114 of the Practice act (*Gen. Stat., p.* 2552), which provides that the defendant shall file with his plea or demurrer an affidavit that the same is not intended for delay, and that the affiant believes

that he has a legal defence to the action on the merits of the case, and that, therefore, the plea is a nullity.

But it is clear that the plea of the pendency of a former action between the same parties for the same cause of action, is a dilatory plea and intended for the purpose of delay. *Trenton Bank* v. *Wallace,* 4 *Halst.* 83 ; *Hixon* v. *Schorley,* 2 *Dutcher* 461 ; 3 *Bl. Com.* 301 ; *Gould Pl.,* § 32.

Therefore, the only affidavit required was that prescribed by section 115 of the Practice act—that is, an affidavit of the truth of the facts stated therein. No other affidavit considering the nature of the plea itself could be justified.

Section 114 provides the form of affidavit which must be annexed to a plea in bar to the action, or to a demurrer which presents a defence upon the issue of law made thereby. Had the affidavit required by this section been annexed to the plea of the pendency of the former action, it would necessarily, in legal effect, have been false.

Another objection, upon which it is contended that the plea must be treated as a nullity, is that the defendant, having filed one plea and annexed an affidavit of merits, cannot thereafter plead a plea in abatement. It must be noticed that the only defect was in the affidavit annexed to the plea. The plea was of the pendency of the former action. No issue had been presented on the merits of the case; no plea in bar had been presented, which either waived a plea in abatement or estopped the defendant from such a plea. It only needed an amendment or a new affidavit of the truth of the facts stated in the plea. The irregularity being in the affidavit merely did not change the plea to one in bar of the action, and such irregularity could be cured by amendment by leave of the court or a judge thereof. *Gen. Stat., p.* 2556, § 138. The salutary effect of the power to so amend is perceived in this case.

The plea is in the legal form of a plea of a former pending action. The record of this court, as set out in the affidavit annexed to the plea, shows the truth of the plea so far as to raise the issue presented by such a plea, and that is as far as

it is necessary to go in such an affidavit. The fact, extrinsic of the record, that there was a trial in the former action, with the result that a nonsuit was directed, does not appear of record, for (no *postea* having been filed and judgment thereon entered), no judicial declaration whatever has been made of record, and until that is done the action, so far as the record is concerned—the former action is pending and the issue raised by a plea of a former pending action—must be tried by the record. Therefore, the affidavit annexed to the plea being in conformity with section 115 of the Practice act (*Gen. Stat.,* *p.* 2552), the plea must stand until the issue made by it is tried and determined.

It follows that the interlocutory judgment entered in this cause and the order for a writ of inquiry for an assessment of damages were irregularly and improperly entered and must be set aside, with costs.

The other reasons presented to invalidate the judgment have not been considered.