JAMES J. LYONS v. GEORGE T. ALLEN, ADMINISTRATOR, &c., OF THOMAS MALLEY, DECEASED.

Argued February 18, 1908—Decided May 8, 1908.

Affidavit annexed to a plea in abatement, made by a person apparently having knowledge of the facts, and alleging that the "contents of the foregoing plea are true in substance and in fact"—*Held*, sufficient compliance with section 117 of the Practice act requiring dilatory pleas to be verified by affidavit proving the truth thereof.

On motion to open judgment.

Before Justices REED, PARKER and VOORHEES.

For the defendant, *Willard W. Cutler.*

For the plaintiff, *Charlton A. Reed.*

The opinion of the court was delivered by

PARKER, J. This is a motion to open judgment entered without special leave of the court over a plea purporting to be a plea in abatement. The suit was brought by the creditor of a deceased against his administrator. The plea in abatement is quite voluminous and need not be recited in detail here. Its general effect was to set up the facts that the estate was insolvent, and that the usual Orphans' Court proceedings were had with a view of having it so declared, and that in the course of these proceedings other creditors of the estate filed exceptions to the claim of the plaintiff as being invalid, and

also made their exceptions to the same in open court; that the matter was continued by the court and that the plaintiff having notice of the exceptions and of the time of hearing failed to sue immediately in a court of law as required by section 105 of the Orphans' Court act of 1898, and by reason of his failure so to sue the Orphans' Court became vested with jurisdiction to pass upon his claim, so that at the time of beginning suit in this court there was another action pending for the same claim and between the same parties.

Two affidavits were annexed to and filed with the plea. One was the ordinary affidavit, attached to pleas in bar, which was unnecessary in this case (*Robert* v. *Moore,* 33 *Vroom* 618), and the other was an affidavit of Henry C. Pitney, stating that he was the counsel for three creditors of the estate of Thomas Malley named in the plea and in the affidavit, "and that the contents of the foregoing plea are true in substance and in fact." As already stated, the plaintiff's attorney entered a judgment over this plea without special leave of the court, and this judgment we are asked to open. The main question discussed on the argument was the sufficiency of the affidavit as to the truth of the plea, although in the plaintiff's brief it is claimed that the plea itself was insufficient in law. Such insufficiency, however, would not justify the entry of a judgment over the plea unless it was clearly frivolous, especially when we consider that in the case of pleas in abatement the insufficiency of the plea in law justifies no further judgment than one of *respondeat ouster.* *Garr* v. *Stokes,* 1 *Harr.* 403; 2 *Arch. Pr.* 3. With respect to the affidavit the plaintiff's claim is that it should have set out in detail all the facts mentioned in the plea, relying upon the case of *Robert* v. *Moore, supra,* in which it appears that the affidavit did set out a judgment record to prove a plea of another action pending. The controversy in Robert *v.* Moore, however, was not the sufficiency of the affidavit as a "proof of truth," under the statute, but whether the plea should have had also the affidavit of just and legal defence on the merits required by section 101 of the Practice act, and this court held it unnecessary to add such affidavit, and also that the ordinary affidavit

required for a plea in bar would be insufficient to support a dilatory plea. See, also, *Mayhew* v. *Ford,* 32 *Vroom* 534. Our statute as to affidavits to dilatory pleas (*Practice act of* 1903, § 117) is modeled closely after the statute of 4 *Anne, c.* 16, § 11, quoted in 1 *Chit. Pl.* 172. With respect to other actions pending it was held, in *Trenton Bank* v. *Wallace,* 4 *Halst.* 83, that the authenticated record of the action attached to the plea, or an affidavit proving the truth thereof was required. In other words, if an exemplification of the record in question was attached, it would take the place of any affidavit to the plea as showing probable cause that the matter therein set forth was true. The requirement of the statute, however, being in the alternative, it is clear that if a suitable affidavit, in proper form, is annexed to the plea, no exemplification of the record is necessary. The affidavit may be made by the defendant or a third person. 1 *Chit. Pl.* 463, and *Arch. Pr.* 654; as an attorney, 2 *Saund.* 210e. It should state that the plea is true in substance and in fact. *Ibid.; Tidd Pr.* (*4th ed.*) 579. If it be annexed to the plea it may be in a general form verifying the plea, and it would seem that it need not, in such case, be entitled in the cause though it is usual to do so. But if it be not annexed to the plea, it must be entitled in the cause and must contain a special statement of the facts contained in the plea. 2 *Arch. Pr.* 654.

The form of an affidavit, annexed to a plea in abatement, proving the truth thereof is perfectly well settled. *Tidd's Appendix, ch.* 27, § 2; 3 *Chit. Pl.* 897, 902.

The only possible ground of criticism of the affidavit in this case was that it is made by one who says that he is counsel for other claimants against the estate, and that it says the "contents" of the plea are true in substance and in fact instead of saying the plea itself is true, &c. As to this last there is no substantial distinction. As to the person making the affidavit it seems that if the affidavit affords probable cause to induce the court to believe the plea is true, no more is necessary, and it would also seem that the counsel for other claimants, who filed exception, is the very person to know what was done in the Orphans' Court proceedings.

We consider the affidavit sufficient and that judgment was improperly entered over the plea. The judgment will therefore be opened, with costs to the defendant, and the usual time allowed to the plaintiff to demur or take issue of fact upon the plea.